

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00364-CV

_____

IN RE: THE COMMITMENT OF JEFFERY LEE STODDARD

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. D371-S-13391-16

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion on Remand by Chief Justice Sudderth

## MEMORANDUM OPINION ON REMAND

## Introduction

In our first consideration of Appellant Jeffrey Lee Stoddard's appeal of his designation as a sexually violent predator, we concluded that the evidence was factually insufficient to support a finding that Stoddard belongs to the small group of extremely dangerous sex offenders requiring civil commitment after serving their prison sentences. *In re Commitment of Stoddard*, 601 S.W.3d 879, 897–98 (Tex. App.—Fort Worth 2019) (op. on reh'g), *rev'd*, 619 S.W.3d 665 (Tex. 2020). We reached our conclusion in large part because the State's expert, psychologist Timothy Proctor, founded his opinion of Stoddard's possessing the requisite behavioral abnormality making him prone to committing future sexually violent acts upon little more than the facts and circumstances surrounding Stoddard's 2004 convictions for aggravated sexual assault and possession of child pornography. *Id.* at 883–87. We expressed concern that allowing the sexually-violent-predator designation to stand on such a record would "present a high risk of injustice by allowing a factfinder to give the State a second bite at the apple after a sex offender has already served his sentence to the extent required by law."[1] *Id.* at 893.

---

[1]In our first opinion, we rejected the State's speculation as to reasons it may agree to lesser sentences in exchange for a plea (as it did in this case by agreeing to 20-year sentences when the maximum was 99 years or life). *See id.* at 894. It bears repeating that the State's motivation for offering a plea deal—including avoiding putting a child on the stand to testify, hypothetical pressure on a witness to recant, and concerns about

The Texas Supreme Court disagreed. *Stoddard*, 619 S.W.3d at 677–78. It held that we had improperly considered the legislature's stated intent that the civil-commitment scheme applies only to a small group of extremely dangerous sex offenders, rejecting our concern that applying the statutory scheme outside the light of such intent risks ripping the entire scheme from its constitutional foundation. *Id.*; *Stoddard*, 601 S.W.3d at 892–93 (discussing Section 841.001 of the Texas Health and Safety Code).

Having rejected our constitutional concerns, the Texas Supreme Court returned the case for our reconsideration of Stoddard's complaint of factual insufficiency. *Stoddard*, 619 S.W.3d at 678; *see also id.* at 673 n.9 (noting the supreme court has no jurisdiction to conduct a factual-sufficiency review). We have done so and, considering the supreme court's direction, conclude that the evidence is factually sufficient to support the jury's finding. We also overrule Stoddard's complaint regarding an evidentiary issue, and we accordingly affirm the trial court's judgment.

---

the cost of trial and a defendant's age—does not excuse the State from its responsibility to seek that justice be done the first time the criminal charges are considered. Additionally, this sort of argument ignores the possibility that a defendant may have been acquitted had the case gone to trial, and the State by utilizing the civil-commitment process has now taken a shortcut to achieve an indefinite sentence. Or as we put it the first time, failing to hold the State to its duty of justice the first time around "only serve[s] to endorse a sort of opportunistic or 'buyer's remorse' approach, one that enables the State a chance at a lengthier period of confinement—indeed an indefinite one—through the use of civil commitment proceedings once the State has decided that it is not satisfied with the original sentence given by a jury **or, worse, to which it agreed.**" *Id.* at 894–95 (emphasis added).

3

## Background

In lieu of rehashing them, we incorporate by reference our thorough recounting of the factual and procedural background of this case, and sexually-violent-predator legislation in general, as both appeared in our first opinion. *See Stoddard*, 601 S.W.3d. at 881–90. Suffice to say, the State presented its case for Stoddard's designation as a sexually violent predator and his indefinite civil commitment in a day's worth of testimony relying heavily on Proctor's testimony and opinion that Stoddard suffers from a behavioral abnormality predisposing him to sexual violence.

## Discussion

### I. Legal Sufficiency

The supreme court did not disturb our holding that the evidence was legally sufficient to support the jury's finding, and we find no reason to revisit it upon remand. We therefore incorporate that portion of our first opinion and again overrule Stoddard's first issue on appeal. *Id.* at 890–91.

### II. Factual Sufficiency

As directed by the supreme court, our role in reviewing the factual sufficiency of the jury's determination is to evaluate "whether, on the entire record, a reasonable factfinder could find beyond a reasonable doubt that the defendant is an SVP." *Stoddard*, 619 S.W.3d at 668. We must

> presume that the factfinder resolved disputed evidence in favor of the finding if a reasonable factfinder could do so. If the remaining evidence contrary to the finding is so significant in light of the entire record that

4

the factfinder could not have determined beyond a reasonable doubt that its finding was true, the evidence is factually insufficient to support the verdict.

*Id.*

In this case, the following evidence was introduced in support of Stoddard's designation as a sexually violent predator:

- His 2004 convictions for two counts of aggravated sexual assault against then-seven-year-old Alice[2] and her then-six-year-old brother Bobby, and a related possession-of-child-pornography conviction. Stoddard pleaded guilty to the charges as part of a plea deal and received 20-year sentences for the aggravated sexual assaults and a 10-year sentence for possession of child pornography.

- Characteristics of the crimes, including the lack of a familial relationship between Stoddard and the children, Stoddard's grooming of Alice, his abuse of a male, and the recurring nature of the abuse.

- Accusations of additional sexually violent offenses committed by Stoddard against Alice and Bobby that were left unadjudicated in accordance with the plea deal reached with the State.

- Proctor's diagnosis of Stoddard as suffering from pedophilic disorder (an attraction to prepubescent children) based primarily on his 2004 convictions.

- Stoddard's denial and minimization of the offenses, including his claims that Alice would "jump naked on the bed" in front of him and that he caught the children engaging in sexual activity with each other and not at his direction.

- Proctor's description of Stoddard as having "a lot of traits of being antisocial and psychopathic," though Proctor stopped short of diagnosing Stoddard as a psychopath.

- Stoddard's scores of 4 on the Static-99 and 27 on the Psychopathy Checklist Revised (PCLR).

---

[2]In an effort to protect their privacy, we will continue to use aliases to refer to the children. *See* Tex. R. App. P. 9.9(a), 9.10(a).

5

- Stoddard's nonsexual criminal history, which included domestic violence, theft of a vehicle, possession of drug paraphernalia, "a lot of vehicle-related violations kind of dealing with irresponsibility," being under the influence of a controlled substance, and property damage.

- Proctor's opinion of Stoddard's employment history as "really spotty [and] unstable," despite Stoddard's nine-year stint with one company.

- Proctor's opinion of Stoddard's unstable relationship history.

- The fact that Stoddard had not yet, at the time of trial, finished a nine-month sex-offender treatment program.

In the light of the supreme court's guidance in this case, we must conclude that this evidence, viewed in the context of the entire record, is factually sufficient to support the jury's finding that Stoddard is a sexually violent predator. *See id.* We therefore overrule Stoddard's second issue.

## III. Evidentiary issue

Having now overruled both of Stoddard's evidentiary-sufficiency complaints, we reach his third issue, in which he argues that the trial court reversibly erred by prohibiting Stoddard's counsel from introducing evidence of the prerequisite requirements for Stoddard to be released on parole. Specifically, Stoddard sought to introduce the requirement of completing his sex-offender treatment program before being released.

During Stoddard's testimony, his counsel asked him if he had to complete his sex-offender treatment program before being released on parole. The State objected and, although the basis of its objection was vague, the trial court sustained the objection.

6

Stoddard later made an offer of proof establishing that he did have to complete the program before being released on parole.

We disagree with the State's assertion on appeal that whether Stoddard was required to complete the training before being released was irrelevant because the ultimate question before the jury was whether he suffered from a behavioral abnormality, not whether he had met the requirements for parole. The State's argument views the evidence with tunnel vision and ignores the fact that its own expert—upon whose opinion their entire case rested—faulted Stoddard for not having yet completed the sex-offender treatment program at the time of trial.[3]

However, despite our inclination to agree with Stoddard that the evidence was relevant in light of Proctor's testimony, we cannot agree that it was so harmful as to justify reversal. To obtain reversal of a judgment based on an error in the trial court, the appellant must show that the error occurred and that it probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005).

Proctor's faulting Stoddard for not having completed the sex-offender treatment program was only a small portion of his overall diagnosis of Stoddard with a behavioral

---

[3]The State's argument is rendered even more absurd when considering that Stoddard, as a prisoner, likely had little to no control over the timing of the state-offered and -coordinated treatment program.

abnormality. We have listed above the other evidence underlying his opinion. Further, Proctor testified that even if Stoddard were to complete the program, doing so "[might] lower his risk a small amount, [but] it would not lower it to the amount that would change my opinion about him having a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." He also noted concerns about Stoddard's lack of progress within the treatment program. Based on the entirety of the record, we cannot conclude that the trial court's refusal to allow the testimony of the parole-release requirement caused harm and resulted in an improper judgment. We therefore overrule Stoddard's third issue.

## Conclusion

Having overruled each of Stoddard's issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: January 27, 2022